# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRIPLE K, INC. d/b/a HOUSE OF SOUND** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1236** |
| **CENTURY SURETY COMPANY** | **SECTION "K"(4)** |

## ORDER AND OPINION

Before the Court is the "Motion to Compel Appraisal and to Stay Litigation Pending Appraisal" filed on behalf of defendant Century Surety Company (Doc. 5). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, **DENIES** the motion.

## BACKGROUND

Triple K, Inc., d/b/a House of Sound ("Triple K"), owns a retail automotive electronics store in Gretna, Louisiana. In September, 2008, plaintiff and store personnel evacuated for Hurricane Gustav. Upon returning to the store, plaintiff discovered that someone had pried open part of the metal roof, entered the building, and stolen equipment. Additionally, the store sustained wind and water damage as a result of the opening in the roof. At all relevant times herein, Century Surety Company ("Century") had in effect a commercial insurance policy covering theft and property damage at the Triple K store. Doc. 5-1. Triple K filed a claim for its damages with Century.

On April 28, 2009, plaintiff submitted an inventory to defendant showing a value of $195,926.80 for water-damaged items and $35,636 for stolen items. Doc. 11-1. On August 10, 2009, after several discussions and exchanges, defendant paid plaintiff more than $30,000.00[1] for

---

[1] The record reflects differing amounts for both plaintiff's request and defendant's payment. However, the plaintiff states in Doc. 11 that the amount paid for stolen items was the full amount requested. The actual amounts are not important for purposes of this motion.

stolen items; at that time defendant made no payment for water-damaged items. Between December 10 and 14, 2009[2], plaintiff provided defendant with a revised inventory identifying water-damaged items totaling $196,916.80, along with a wholesale price list totaling $198,141.64 for comparison. Docs 11, 13-2. On January 22, 2010, defendant paid plaintiff $98,441.00 for the water-damaged items, an amount approximately half of that claimed by plaintiff in December inventory submission. Doc. 5-1.

On March 12, 2010, plaintiff filed suit against defendant seeking, among other things, an additional $98,245.00 pursuant to the December submission. Doc. 1-4. Ten days later, on March 22, 2010, defendant requested an appraisal pursuant to the policy provision. Doc. 5-1. The appraisal provision of Century's policy provides:

> **Appraisal**
> If we and you disagree on the value of the property and the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> **a.** Pay its chosen appraiser; and
> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

Doc. 5-2, p. 21. Because plaintiff refused to comply with defendant's request for appraisal, defendant filed this motion to compel appraisal and stay the litigation pending appraisal. Doc. 5.

---

[2]Plaintiff states that the inventory was submitted on December 10, 2009; however, defendant states that the inventory was submitted "on or around" December 14. Docs 11, 13-2.

Defendant asserts that its request for appraisal is timely. Plaintiff contends that defendant's request was untimely, thereby invalidating the appraisal clause.

## LAW AND ANALYSIS

"[S]tipulations in insurance policies providing for an appraisal in case there is a disagreement as to the amount of the loss are clearly valid in Louisiana." *Fourchon Docks, Inc. v. National Union Fire Ins. Co.*, No. 86-2267, 1988 U.S. Dist. LEXIS 3034, at *21 (E.D. La. Apr. 6, 1988). However, "[l]ike any other contract term, the appraisal provision may be waived by conduct inconsistent with invocation of the provision." *Dwyer v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 565 F.3d 284, 287 (5th Cir. 2009). "The appropriate waiver inquiry examines . . . whether [the party] knew that the appraisal clause could be invoked, [and] whether it reacted timely to the knowledge." *Id.* at 288.

As noted previously Century's appraisal provision provides in pertinent part that "[i]f we and you disagree on the value of the property and the amount of loss, either may make written demand for an appraisal of the loss." Doc. 5-2, p. 21. Therefore, defendant had the right to request an appraisal upon learning that there was a dispute as to the amount of loss, and the appraisal is enforceable if the request was timely.

In determining whether Century timely requested appraisal, a critical factor is when the dispute as to the amount of the loss arose. Defendant urges that it was unaware there was a dispute as to the amount of loss until plaintiff filed suit and therefore, a request for appraisal ten days after plaintiff filed suit was timely. Plaintiff, on the other hand, contends that the dispute as to the amount of the loss was apparent in December of 2009 at the latest, when plaintiff submitted its final inventory to defendant. As long as the insurer "had sufficient information to act on the claim," it was the insurer's responsibility to respond "either by compensating [plaintiff] under the policy or

3

disputing the claim via the appraisal process." *Nguyen v. St. Paul Travelers Ins. Co.*, No. 06-4130, 2007 U.S. Dist. LEXIS 42631, at *4 (E.D. La. June 6, 2007). Century received a detailed inventory report from plaintiff in December of 2009, which included a comparison of the loss claimed to the wholesale prices of each item claimed. Docs 11, 13-2. That inventory provided defendant in December of 2009 with "sufficient information" to dispute the amount of loss. It is apparent from defendant's subsequent payment of less than plaintiff's claimed amount that defendant *did* dispute the amount of loss. Nonetheless, defendant neglected to file an appraisal request until March 22, 2010, nearly three months later. Based on the December inventory submitted by plaintiff to defendant, and defendant's subsequent payment of less than the claimed amount, it is clear that in December, 2009, three months before plaintiff filed this action, defendant was aware of the disagreement as to the amount of the claim. See *Newman v. Lexington Ins. Co.*, No. 06-04668, 2007 U.S. Dist. LEXIS 25141, at *8 (E.D. La. Apr. 4, 2007).

Having concluded that by December, 2009, defendant was aware of the disagreement as to the amount of the claims, the Court must now determine whether Century "reacted timely" in requesting an appraisal. If the contract does not contain a temporal limitation for invoking appraisal, that appraisal must be invoked within a reasonable time after a dispute as to the amount of loss arises. *Newman*, 2007 U.S. Dist. LEXIS 25141, at *11. Because the Century policy does not specify a time limit for invoking the appraisal clause the Court must examine whether defendant requested appraisal within a "reasonable time" after December, 2009 when the dispute as to the amount of loss arose.

"In determining what constitutes a reasonable time period, the Court looks to what Louisiana courts have done in similar contexts." *Nguyen*, 2007 U.S. Dist. LEXIS 42631, at *4. The timing

4

of the appraisal request should comply with the time limit set forth in the Loss Payment provision of the policy. *Id.* (citing *Sevier v. United States Fidelity & Guaranty Co.*, 497 So. 2d 1380, 1383 (La. 1986)). The Loss Payment provision in Century's policy provides:

> **Loss Payment**
> **c.** We will give notice of our intentions within **30 days** after we receive the sworn proof of loss.
>  . . .
> **g.** We will pay for covered loss or damage within **30 days** after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:
>> **(1)** We have reached agreement with you on the amount of loss; or
>> **(2)** An appraisal award has been made.

Doc. 5-2, p. 22 (emphasis added). Century failed to provide plaintiff with notice of its intent to request appraisal within the requisite 30 days after plaintiff submitted the final proof of loss in December, 2009. Consequently, Century's request for appraisal was untimely.

Century urges that plaintiff must submit to appraisal because appraisal is a prerequisite of legal action under the "Legal Action Against Us" provision in the policy. That provision provides in pertinent part that "[n]o one may bring a legal action against us . . . unless: There has been full compliance with all of the terms of this Coverage Part." Doc. 5-2, p. 27. "The policy, however does not *require* appraisal; this is a voluntary process that 'either [party] *may* demand.'" *Newman*, 2007 U.S. Dist. LEXIS 25141, at *11. At the time plaintiff filed suit, Century had not requested appraisal, and plaintiff was in compliance with the terms of the policy at the time it filed the suit. Therefore, defendant's argument fails.

Because Century's request for appraisal was untimely, the appraisal clause is unenforceable, and there is no need to consider defendant's request to stay the litigation. Accordingly, the Court denies defendant's motion to compel appraisal and stay the litigation pending appraisal.

New Orleans, Louisiana, this 23rd day of August, 2009.

                                      STANWOOD R. DUVAL, JR.
                                    UNITED STATES DISTRICT JUDGE